# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

FILED BY _____ D.C.

05 DEC -2 AM 11: 50

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF MEMPHIS

**UNITED STATES OF AMERICA**

-v-                                      2:99CR20095-01-Ml

**VINCENT NORTHINGTON**

**Kemper B. Durand, CJA**
**Defense Attorney**
**One Commerce Square, #2900**
**40 S. Main Street**
**Memphis, TN 38103**

---

## *A-M-E-N-D-E-D JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty on 3/22/00 to Counts 1 and 2 of the Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Robbery | 8/14/97 | 1 |
| 18 U.S.C. § 1951 | Robbery | 8/11/96 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

Counts 3 through 17 dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Original Date of Imposition of Sentence:
June 16, 2000
*A-M-E-N-D-E-D: December 2, 2005

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

December __2__, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 12-2-05

(87)

Case No: 2:99CR20095-01-MI  
Defendant Name: Vincent NORTHINGTON

Defendant's Soc. Sec. No.    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  
Defendant's Date of Birth:    02/28/1975  
Deft's U.S. Marshal No.:     17145-076

Defendant's Mailing Address:  
1725 West Shelby Drive  
Memphis, TN 38109

Case No: 2:99CR20095-01-Ml  
Defendant Name: Vincent NORTHINGTON

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **\*TIME SERVED as to Count 1 and TIME SERVED as to Count 2.**

**\*The Court recommends to the Bureau of Prisons: the defendant be immediately released from incarceration in the Western District of Tennessee.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 2:99CR20095-01-Ml  
Defendant Name: Vincent NORTHINGTON

Page 4 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** as to Count 1 and **3 years** as to Count 2, said terms of Supervised Release to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

Case No: 2:99CR20095-01-Ml                                                        Page 5 of 6
Defendant Name: Vincent NORTHINGTON

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall obtain his G.E.D. if he has not done so during the period of his incarceration.

2. The defendant shall seek and maintain full-time employment.

*3. <u>The defendant shall cooperate with DNA collection as directed by the Probation Officer.</u>

*4. <u>The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Officer.</u>

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | $15,000.00 | |

The Special Assessment shall be due immediately.

# FINE

A fine in the amount of $15,000.00 is imposed.

Defendant shall pay 10% of his monthly gross income, said payment being due within 5 days of the end of each month.

# RESTITUTION

No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 87 in case 2:99-CR-20095 was distributed by fax, mail, or direct printing on December 2, 2005 to the parties listed.

---

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT